# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAVIER BENITEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RENO, *et. al.*,<br><br>    Defendants. | Case No. 3:24-CV-00088-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

  Before the Court is Plaintiff Javier Benitez's ("Benitez") application to proceed *in forma pauperis* (ECF No. 3), and *pro se* civil rights complaint (ECF No. 3-1). The Court will first address the *in forma pauperis* application and then screen Benitez's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I. *IN FORMA PAUPERIS* APPLICATION**

  A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

  Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Based on the information regarding Benitez's financial status, (*See* ECF Nos. 3, 7), the Court finds that Benitez is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Accordingly, the Court recommends that Benitez's application to proceed IFP, (ECF No. 3), be granted.

## II.    SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify

that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

In his complaint, Benitez sues Defendants City of Reno, Reno Police Department ("RPD"), RPD Officer Frady #14626 ("Frady"), and John/Jane Does[2] (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Benitez asserts three claims and seeks monetary damages. (*Id.* at 6.) Each claim is discussed in turn.

#### A. Claim 1 – Excessive Force during Arrest

Benitez's allegations as to Claim 1 are as follows: On June 10, 2023, while effectuating an arrest of Benitez, RPD Officer Frady and numerous other Doe RPD Officers used excessive force by pointing guns at Benitez's head, when he had his hands up and posed no threat and was "not the suspect." (ECF No. 3-1 at 3.) Benitez alleges when the officers pointed their guns at him, it caused him to suffer various mental and emotional injuries, including anxiety, PTSD, and panic attacks. (*Id.*)

///

---

[2] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendants comes to light during discovery, Plaintiff may move to substitute the true names of Doe Defendants to assert claims against the Doe Defendants at that time.

Based on these allegations, Benitez asserts an Eighth Amendment and Fourteenth Amendment excessive force claim. However, the Court analyzes the claim under the Fourth Amendment, as claims of excessive force during an arrest of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal quotation marks omitted); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*."). This analysis "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). The question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (citation omitted).

Accepting Benitez's allegations as true, the Court finds that Benitez has stated a colorable claim for excessive use of force during arrest. *See Tekle v. United States*, 511 F.3d 839, 845 (9th Cir. 2007) (stating that this court has held that "the pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury."); *Robinson v. Solano County*, 278 F.3d 1007, 1013–14 (9th Cir. 2002) (holding that the officers' use of a drawn gun at close range when they pointed the gun at head of unarmed misdemeanor suspect is actionable).

Accordingly, the Court recommends that Benitez be allowed to proceed on his Fourth Amendment excessive use of force during arrest claim against Defendant Frady.

### B. Claim 2 – Municipality Liability

Benitez's allegations as to Claim 2 are as follows: Defendants City of Reno and RPD failed to provide proper or adequate training and supervision, which resulted in the

harms Benitez allegedly suffered. (ECF No. 3-1 at 4.)

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). As explained by the Ninth Circuit, a litigant may recover from a municipality under § 1983 on one of three theories of municipal liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury." *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342 1346-47 (9th Cir. 1992)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

Currently, Benitez fails to state a colorable claim against the City of Reno or RPD. The City of Reno and RPD cannot be held liable solely on a *respondeat superior* theory. *Monell*, 436 U.S. at 691. Further, Benitez makes no allegations that the City of Reno or RPD had a policy or custom that led to the alleged constitutional violations. Accordingly, the Court recommends that the claim against City of Reno and RPD be dismissed, without prejudice, but with leave to amend.

///

///

### C. Claim 3 – False Imprisonment

Benitez's allegations as to Claim 3 are as follows: Defendant Frady falsified a charge of resisting a public officer, which resulted in Benitez being jailed. (ECF No. 3-1 at 5.) Benitez also alleges that he was not read his Miranda rights and was not notified as to why he was being arrested. (*Id.*)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v.*

*Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

As to Claim 3, it appears that Benitez is challenging the constitutionality of his state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas corpus* action. Accordingly, the Court recommends that this claim be dismissed without prejudice and without leave to amend, as *Heck* barred.

### D.     Leave to Amend

The Court recommends that Benitez be granted leave to file an amended complaint to cure the deficiencies of the original complaint. If Benitez chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the Court.

Benitez should clearly title the amended pleading as "First Amended Complaint." For <u>each</u> Defendant and <u>each</u> claim, he must allege true <u>facts</u> sufficient to show that the Defendant used excessive force during his arrest, as alleged. Benitez may not amend the complaint to add unrelated claims against other defendants. Benitez shall use the form complaint, which will be provided to him by the Clerk of Court.

The Court notes that, if Benitez chooses to file an amended complaint curing the deficiencies, as outlined in this order, Benitez should file the amended complaint within

30 days from the date of the District Court's order on this report and recommendation. If Benitez chooses not to file an amended complaint curing the stated deficiencies, the Court recommends that Benitez proceed on his excessive force during arrest claim against Defendant Frady, only.

### IV.     CONCLUSION

For the reasons stated above, the Court recommends that Benitez's application to proceed IFP, (ECF No. 3), be granted, and certain claims in Benitez's complaint, (ECF No. 3-1), be allowed to proceed or be dismissed as outlined above.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Benitez's application to proceed *in forma pauperis*, (ECF No. 3), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Benitez not be required to pay an initial installment fee. Nevertheless, the full filing fee should still be due, even if this action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting IFP status should not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that the Nevada Department of Corrections

pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **JAVIER BENITEZ, #1276120** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 3-1), but **NOT** issue summons at this time.

**IT IS FURTHER RECOMMENDED** that Claim 1 excessive force during arrest **PROCEED** against Defendant Frady.

**IT IS FURTHER RECOMMENDED** that Claim 2 municipality liability be **DISMISSED with leave to amend** as to Defendants City of Reno and Reno Police Department.

**IT IS FURTHER RECOMMENDED** that Claim 3 false imprisonment be **DISMISSED, without prejudice, and without leave to amend**.

**IT IS FURTHER RECOMMENDED** that that the Clerk of the Court **SEND** to Benitez the approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, instructions for the same, and a copy of his original complaint (ECF No. 3-1).

**IT IS FURTHER RECOMMENDED** that if Benitez chooses to file an amended complaint curing the deficiencies of his original complaint, as outlined in this order, Benitez shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Benitez chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court will instruct the Clerk to issue summons for Defendant Frady and direct service of the complaint as to the excessive force claim, only.

**DATED**: __March 5, 2024__.

_____
**UNITED STATES MAGISTRATE JUDGE**