UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAVIER BENITEZ, | Case No. 3:24-cv-00088-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| CITY OF RENO, *et al.*, | |
| Defendants. | |

    *Pro se* Plaintiff Javier Benitez has filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 3) and a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 3-1 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending the Court grant Benitez's IFP application and screening his Complaint. (ECF No. 8.) To date, Benitez has not filed an objection to the R&R. The Court will adopt the R&R in full.

    Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

**I.    IFP APPLICATION**

    Judge Baldwin recommended granting Benitez's IFP application because his application reveals that he cannot pay the filing fee. (ECF No. 8 at 2.) The Court is satisfied that Judge Baldwin did not clearly err in finding that Benitez has met the appropriate standards to proceed IFP and adopts her recommendation. Benitez is permitted to maintain this action without prepaying the filing fee.

/ / /

## II.   SCREENING OF COMPLAINT

Judge Baldwin then screened each of the three claims against Defendants City of Reno, Reno Police Department ("RPD), RPD Officer Frady #14626, and John/Jane Does[1] in Benitez's Complaint under 28 U.S.C. § 1915A. (ECF No. 8 at 3-8.) The Court will review Judge Baldwin's recommendations as to each claim in turn.

### A. Excessive Force Claim

Judge Baldwin first found that Benitez has stated a colorable Fourth Amendment excessive force claim. (ECF No. 8 at 3-4.) Benitez alleges that RPD Officer Frady and other Doe RPD officers used excessive force against him by pointing their guns at his head while his hands were up, he posed no threat, and he neither was the suspect nor matched the physical description of the suspect. (*Id.* at 3; ECF No. 3-1 at 3.) The officers also shouted death threats at Benitez. (ECF No. 3-1 at 3.) As the Ninth Circuit has found excessive force was used under similar circumstances, the Court finds that Judge Baldwin did not clearly err and adopts this recommendation. *See Tekle v. United States*, 511 F.3d 839, 845 (9th Cir. 2007) ("[T]he pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury."). Benitez may proceed with his excessive force claim against Frady and Doe Officers.

### B. Municipal Liability

Judge Baldwin next found that the municipal liability claims against the City of Reno and RPD should be dismissed, without prejudice, but with leave to amend. (ECF No. 8 at 4-5.) Benitez alleges that Reno and RPD did not provide adequate training or supervision to RPD officers. (*Id.* at 5; ECF No. 3-1 at 4.) Reno and RPD, as municipal entities, cannot be held vicariously liable for their employees' conduct the way a private employer could. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).

---

[1]As Judge Baldwin noted, the use of "Doe" to identify a defendant is not favored, but flexibility is allowed where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendants comes to light during discovery, Plaintiff may move to substitute the true names of Doe Defendants to assert claims against the Doe Defendants at that time.

1      There are three avenues by which Benitez could bring a successful Section 1983

2  claim against Reno or RPD. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50

3  (9th Cir. 2010). However, Benitez has not identified an official policy or custom that

4  caused his injury, or that Reno or RPD's omissions have risen to the level of being the

5  local government's official policy. *See id* at 1249. Nor has Benitez established that "'the

6  individual who committed the constitutional tort was an official with final policy-making

7  authority' or such an official 'ratified a subordinate's unconstitutional decision or action

8  and the basis for it.'" *See id* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342 1346-47

9  (9th Cir. 1992)). Because Benitez has not shown that Reno or RPD qualify for municipal

10  liability, his allegations are not sufficient to pass the screening stage. The Court finds that

11  Judge Baldwin did not clearly err and adopts this recommendation.

12      **C.  False Imprisonment**

13      Judge Baldwin finally found that Benitez's false imprisonment claim was a

14  challenge to the validity of his custody, which must instead be remedied through a writ of

15  habeas corpus. (ECF No. 8 at 6-7.) *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*

16  *v. Humphrey*, 512 U.S. 477, 481-83 (1994); *Wolf v. McDonnell*, 418 U.S. 539, 554-55

17  (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Simpson v. Thomas*, 528 F.3d

18  685, 695 (9th Cir. 2008). Benitez alleges that he was jailed because Frady falsified a

19  charge of resisting a public officer. (*Id.* at 6; ECF No. 3-1 at 5.) He further claims that the

20  officers never read his Miranda rights or explained why they were arresting him, and that

21  Defendants refused to transport him to court and thus prolonged his sentence. (ECF Nos.

22  3-1 at 5; 8 at 6-7.) This led Judge Baldwin to conclude that Benitez is challenging the

23  constitutionality of his conviction. Accordingly, until Benitez demonstrates that this

24  conviction has been overturned, he cannot proceed in a Section 1983 action for these

25  claims.

26      The Court is satisfied that Judge Baldwin did not clearly err. Having reviewed the

27  R&R and the record in this case, the Court will adopt the R&R's recommendations in full.

28  / / /

3

1

### III.    CONCLUSION

2

3

It is therefore ordered that Judge Baldwin' R&R (ECF No. 8) is accepted and adopted in full.

4

5

It is further ordered that Plaintiff's IFP application (ECF No. 3) is granted. Plaintiff is permitted to maintain this action without prepaying the filing fee.

6

The Clerk of the Court is directed to file the Complaint (ECF No. 3-1).

7

8

9

10

It is further ordered that Plaintiff's excessive force claim may proceed against Frady and the Doe officers. If the true identity of any of the Doe Defendants comes to light during discovery, Plaintiff may move to substitute the true names of Doe Defendants to assert claims against the Doe Defendants at that time.

11

12

13

It is further ordered that Plaintiff's municipal liability claims against the City of Reno and the Reno Police Department are dismissed without prejudice and with leave to amend.

14

15

It is further ordered that Plaintiff's false imprisonment claim is dismissed without prejudice and with leave to amend.

16

17

18

19

20

21

22

23

24

25

26

27

It is further ordered that Plaintiff has 30 days—that is, until May 2, 2024—to file an amended complaint to correct the deficiencies identified in this order. The Clerk of Court is directed to send Plaintiff instructions for submitting a complaint and a form complaint. The amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint or other filings. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the Court. Plaintiff must clearly title the amended pleadings as "Amended Complaint" or check the appropriate box for an amended complaint if she is using the form complaint. If Plaintiff fails to file an amended complaint within 30 days, this action will proceed on the excessive force claim against Frady and the Doe officers, and the claims against the City of Reno and the Reno Police Department and the false imprisonment claim will be dismissed with prejudice.

28

/ / /

DATED THIS 2nd Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE