UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAVIER BENITEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF RENO, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:24-CV-00088-CLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING MOTION FOR DISCOVERY EXTENSION**<br><br>[ECF Nos. 42, 48] |

Before the Court is Plaintiff Javier Benitez's ("Benitez") motion for leave to file an amended complaint, along with a proposed amended complaint. (ECF Nos. 42, 42-1.) Defendant Michael Frady ("Frady") opposed the motion, (ECF No. 46), and Benitez replied, (ECF No. 47). Benitez has also filed a motion for discovery extension. (ECF No. 48.) For the reasons discussed below, Benitez's motion for leave to file an amended complaint, (ECF No. 42), and motion for discovery extension, (ECF No. 48), are denied.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 22, 2024, Benitez initiated this action by filing an application to proceed in forma pauperis ("IFP") and a civil rights complaint. (ECF Nos. 1, 3-1, 10.) Benitez's complaint alleges the following: On June 10, 2023, while effectuating an arrest of Benitez, Reno Police Department ("RPD") Officer Frady and numerous other Doe RPD Officers used excessive force by pointing guns at Benitez's head, when he had his hands up and posed no threat and was "not the suspect." (ECF No. 3-1 at 3.) Benitez alleges when the officers pointed their guns at him, it caused him to suffer various mental and emotional injuries, including anxiety, PTSD, and panic attacks. (*Id.*)

On March 5, 2024, this Court screened Benitez's complaint pursuant to 28 U.S.C. § 1915A and recommended that Benitez proceed on a single Fourth Amendment claim based on excessive force during arrest against Defendant Frady. (ECF No. 8.) This Court also recommended dismissal with leave to amend a municipality liability claim against

Defendants City of Reno and Reno Police Department and dismissed without prejudice and without leave to amend a false imprisonment claim. (*Id.*) On April 2, 2024, the District Court adopted the Report and Recommendation, allowing Benitez to proceed on a single Fourth Amendment excessive force claim against Defendant Frady and Doe RPD Officers and giving him leave to amend as to the municipality liability claim. (ECF No. 9.) The order explicitly noted that "[i]f the true identity of any of the Doe Defendants comes to light during discovery, [Benitez] may move to substitute the true names of Doe Defendants to assert claims against the Doe Defendants at that time." (*Id.* at 2 n. 1.) Benitez did not file an amended complaint, and thus the Court ordered that Benitez would proceed on the Fourth Amendment claim against Frady only and ordered the issuance of summons. (ECF No. 11.)

On September 26, 2024, Frady filed his answer to the complaint. (ECF No. 18.) Following a case management conference held on November 4, 2024, the Court entered a scheduling order and discovery plan, and set the deadline to amend pleadings by January 3, 2025. (ECF Nos. 28, 29.) On February 6, 2025, Benitez filed a motion to add John Doe Defendants. (ECF No. 38.) On February 21, 2025, Benitez filed a second motion to add John Doe Defendants. (ECF No. 41.) The same day Benitez filed the instant motion for leave to file a first amended complaint. (ECF No. 42.) The Court denied the two motions to add Doe Defendants as moot in light of the filing of the motion for leave to file a first amended complaint, noting the Court would reserve ruling on the motion until the motion was fully briefed. (ECF No. 45.) Benitez's motion for leave to file a first amended complaint is now fully briefed and ripe for ruling.

Finally, Benitez has filed a motion for discovery extension, requesting a 90-day extension of discovery. (ECF No. 48.) The scheduling order and discovery plan set the close of discovery for May 3, 2025. (ECF No. 29.)

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made

clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III.  DISCUSSION

On February 21, 2025, Benitez filed the instant motion for leave to file a first amended complaint. (ECF No. 42.) Benitez seeks to name eleven Doe Defendants and add four claims to his complaint. (*See id.*) Frady argues in opposition that the motion should be denied as untimely and because the proposed amended pleading is futile. (ECF

No. 46.) As discussed above, the scheduling order and discovery plan set the deadline to amend pleadings by January 3, 2025. (ECF No. 29.) Thus, Benitez's motion is untimely.

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*citing* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal quotations omitted) (citing *Pioneer*, 507 U.S. at 395).

The Court should "take into account all the relevant circumstances" when considering these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020); *see also Pioneer*, 507 U.S. at 395.

Benitez claims he delayed filing his motion because he has no legal training, no access to the law library, and he is not allowed to make legal calls while in prison. (ECF No. 42.) However, Benitez has not explained why he waited nearly three months after receiving the Dispatch Report containing the names of the Doe Defendants, (*See* ECF Nos. 46-1, 46-2), and nearly two months after the deadline for adding new parties or amending the complaint before filing the instant motion. Thus, Benitez's motion does not establish good cause or excusable neglect which would warrant extending time to file his motion for leave to amend.

Nonetheless, having reviewed Benitez's proposed amended pleading, which seeks to add 11 defendants and 4 claims, the Court finds that the bulk of the *Desertrain* factors weigh against allowing amendment, and, therefore, the Court concludes that amendment is improper, and accordingly, Benitez's motion is denied.

Finally, because the Court is denying Benitez's motion for leave to amend, his request for a discovery extension is unnecessary at this time, and accordingly, Benitez's motion is denied.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS ORDERED** that Benitez's motion for leave to file an amended complaint, (ECF No. 42), is **DENIED**.

**IT IS FURTHER ORDERED** that Benitez's motion for discovery extension, (ECF No. 48), is **DENIED**.

**IT IS FURTHER ORDERED** that the original complaint, (ECF No. 10), screening order (ECF No. 8, 9), and scheduling order, (ECF No. 29), remain operative in this case.

**DATED**: March 24, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**